UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>ALICE ESPINOZA (7),<br><br>               Defendant. | NO. CR-05-2075-7-EFS<br><br>**ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER SUPPRESSION OF EVIDENCE** |

     On August 26, 2005, the Court entered an Order Granting Defendant's Motion to Suppress (Ct. Rec. 630). Thereafter, on September 26, 2005, the Government filed a Motion to Reconsider Suppression of Evidence (Ct. Rec. 723), to which Defendant responded (Ct. Rec. 776); the government then replied (Ct. Rec. 783). Upon review, the Court concludes its previous Order was correct and denies the Government's reconsideration motion.

     The beginning point in the analysis of this search and seizure is the Fourth Amendment. The Court recites the Amendment for emphasis:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

ORDER * 1

U.S. CONST. amend. IV. This "marks the right of privacy as one of the unique values of our civilization and with few exceptions, stays the hand of the police unless they have a search warrant issued by a magistrate on probable cause supported by oath or affirmation." *McDonald v. Untied States*, 335 U.S. 451, 453 (1948). The Founders' insistence upon requiring a warrant be issued based upon probable cause was rooted in their belief that "[p]ower is a heady thing; and history shows that the police acting on their own cannot be trusted." *McDonald v. United States*, 335 U.S. 451, 456 (1948). Accordingly, interjecting "a magistrate between the citizen and the police . . . so that an objective mind might weigh the need to invade that privacy in order to enforce the law" is a major function served by the issuance of a search warrant. *Id.* at 455-56. Furthermore, "an essential function of the warrant is to 'assure [ ] the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search.'" *United States v. Gantt*, 194 F.3d 987, 990 (9th Cir. 1999) (quoting *United States v. Chadwick*, 433 U.S. 1, 9 (1977), *abrogated on other grounds by California v. Acevedo*, 500 U.S. 565 (1991)).

A warrant issued under 18 U.S.C. § 3103a, a provision of the Patriot Act, may serve all of these functions, *albeit* with some delay, given that a § 3103a application is reviewed by a neutral detached magistrate; however, notice of the search is not given until after the search and seizure occurs. 18 U.S.C. § 3103a(b)(3). Even though notice is not given until a reasonable period after the search, *id.*, a valid § 3103a search is likely constitutional given that the Supreme Court has ruled

ORDER * 2

"the Fourth Amendment does not prohibit all surreptitious entries." *United States v. Frietas*, 800 F.2d 1451, 1456 (9th Cir. 1986) (citing *Dalia v. United States*, 441 U.S. 238, 247 (1979)). Yet, the Ninth Circuit recognized:

> surreptitious searches and seizures of intangibles strike at the very heart of the interests protected by the Fourth Amendment. The mere thought of strangers walking through and visually examining the center of our privacy interest, our home, arouses our passion for freedom as does nothing else. That passion, the true source of the Fourth Amendment demands that surreptitious entries be closely circumscribed.

*Id.* at 1456. Accordingly, because an individual has a privacy interest in their home and items contained therein and because the subject of a § 3103a warrant will not be given notice of an invasion of her home and lawful seizure of personal property by police for a period of time following thereafter, the Court finds it essential that an "'objective mind' of a neutral magistrate . . . weigh the need to invade that privacy in order to enforce the law." *Gantt*, 194 F.3d at 991 (quoting *McDonald*, 335 U.S. at 455). Therefore, the Court finds it is necessary for a § 3103a warrant to strictly comply with the requirements of that section.[1]

---

[1] Section 3103a(b) states in its entirety:

Delay.-With respect to the issuance of any warrant or court order under this section, or any other rule of law, to search for and seize any property or material that constitutes evidence of a criminal offense in violation of the laws of the United States, any notice required, or that may be required, to be given may be delayed if-
    (1) the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result (as defined in section 2705);
    (2) the warrant prohibits the seizure of any tangible property, any wire or electronic communication (as defined in section 2510), or, except as expressly provided in chapter 121,

ORDER * 3

The facts of this case, detailed here after, emphasize the dangerous consequences to those whose homes are searched and property seized surreptitiously without contemporaneous notice of the execution of a §3103a warrant.

The express requirements of 18 U.S.C. § 3103a require the issuing court to find, when issuing a delayed notice search warrant, "reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result," 18 U.S.C. § 3103a(b)(1), and in order to allow seizure of tangible property, to find "reasonable necessity for the seizure," *Id.* § 3103a(b)(2).  Section 3103a(b)(3) also requires the *warrant* itself to "provide[ ] for the giving of such notice within a reasonable period of its execution." *Id.* § 3103a(b)(3).

Here, the issuing court did not include such findings on the search warrant nor in any contemporaneously issued sealed order.  The Government argues the issuing court need not put such findings explicitly on the warrant. Perhaps not, but absent the insertion on the warrant itself or in a contemporaneously issued sealed order of the statutorily required findings by the magistrate, arguments over the meaning of conflicting language in the search warrant will persist with the unnecessary development of strained precedent as courts speculate on the magistrate's thought process and decision. While the Court agrees § 3103a(b) does not explicitly require the issuing court to insert the statutory findings on

---

> any stored wire or electronic information, except where the court finds reasonable necessity for the seizure; and
>     (3) the warrant provides for the giving of such notice within a reasonable period of its execution, which period may thereafter be extended by the court for good cause shown.

ORDER * 4

the warrant itself, based on the polices and purposes of the Fourth Amendment warrant requirement, *see United States v. Freitas I,* 800 F.2d at 1456; *McDonald v. United States*, 335 U.S. 451, 456 (1948), the Court finds a bright-line rule requiring an issuing court to expressly make such findings is necessary, either by explicitly adopting and incorporating the affidavit's conclusions for the necessity for a § 3103a(b) warrant in a written order accompanying the warrant or on the warrant itself.[2] Here, because the issuing court did not make such findings in either an order or on the warrant, this Court must guess at what was actually intended, an unacceptable course when it involves the rights guaranteed under the Fourth Amendment.

The imposition of an explicit 3103a(b) finding on the issuing court is supported by a comparison to the procedures utilized when an order is issued authorizing a wiretap under 18 U.S.C. § 2518. Section 2518(3) requires the court to issue an order authorizing a wiretap; however, § 2518(3) does not specifically state that such an order must contain the statutory findings to be made by the court in order to authorize a wiretap. However, the Supreme Court in *Dalia v. United States*, 441 U.S.

---

[2] For example, the entry of such findings could be as simple as the use of a box that could be checked by the issuing court if it "[found] reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result." This would clearly indicate to the reviewing court whether the issuing court found delayed notice under 18 U.S.C. § 3103a was appropriate, and the issuing court would not need to speculate.

ORDER * 5

238 (1979), stated "[t]he plain effect of the detailed restrictions of § 2518 is to guarantee that wiretapping or bugging occurs only when there is a genuine need for it and only to the extent that it is needed." 441 U.S. at 250. In order to determine whether "the detailed [statutory] restrictions" were considered by the issuing court, this Court infers the Supreme Court requires such statutory findings to be placed in the order; this inference is bolstered by the fact the order authorizing the wiretap in *Dalia*, like the wiretap orders authorized in this case (*see, e.g.,* Ct. Rec. 710 Att. 2 at 96-100), specifically set forth the findings required by § 2518(3). Likewise, in the context of a delayed notice search and seizure warrant under 18 U.S.C. § 3103a, with arguably a greater infringement upon Fourth Amendment rights than a § 2518 wiretap, it is just as important to ensure the issuing court determined after reviewing the application that reasonable cause exists to believe that providing immediate notification of the warrant would have an adverse result. Accordingly, in order to ensure Fourth Amendment privileges are protected and infringements on such are able to be closely scrutinized, the Court finds the Fourth Amendment requires the issuing court to specify in writing that it made the determinations required by § 3103a(b).

Section 3103a(b)(3) explicitly requires "the *warrant* provide [ ] for the giving of such notice within a reasonable period of its execution, . . . ." 18 U.S.C. § 3103a(b)(3). Here, rather than set a date, following a reasonable period, for notice, the warrant actually required leaving a copy of the warrant at the site. Accordingly, not only does the warrant not contain findings required by § 3103a(b), but the warrant actually called for immediate notice. Therefore, on its face, the

ORDER * 6

warrant failed to comply with § 3103a(b)(3) and must be treated as a standard warrant issued under 18 U.S.C. § 3102 and Federal Rule of Civil Procedure 41.

In addition, as noted above, the search warrant, at best, was inconsistent in terms of whether it was a § 3103a warrant or standard Rule 41 warrant, a copy of which must be provided at the time of the search, FEDN. R. CIV. P. 41(f)(3). The Government maintains the "SEAL" stamp and the notations that the search warrant could be executed "any time in the day or night as I find reasonable cause has been established" indicate the warrant was a § 3103a warrant. (Ct. Rec. 482-2.) However, the warrant also contained standard Rule 41 search warrant language: the agents should "search . . . the place named above for the . . . property specified, *serving this warrant* and making the search, . . . if property be found there to seize same, *leaving a copy of this warrant* and receipt for the person or property taken." *Id.* (emphasis added). The warrant did not make a reference to 18 U.S.C. § 3103a or reference Agent Schrock's assertions regarding the necessity of a § 3103a search. *Id.* In light of these inconsistencies, even under a liberal reading of the issuing court's requirements under § 3103a, the Court concludes the "SEAL" stamp and "reasonable cause" language indicate the search warrant was not issued under § 3103a.

The Government presents a declaration from Agent Schrock stating he had a telephone conversation with the issuing court and was told the warrant was a § 3103a warrant. That effort by the government demonstrates the very reason for a bright-line rule requiring the issuing court to make the necessary § 3103a(b) findings explicitly as outlined

above. The essential requirement of the Fourth Amendment to make a search reasonable, with few and what should be rare exceptions, is the neutral and detached objective determination by the issuing court, not the recollection of the law enforcement officer. Determining whether a § 3103a(b) warrant was properly issued must be based on a review of the relevant documents in existence at the time the search warrant was issued. Had there been either incorporation and adoption of the applicant's recitation of the statutory bases or the magistrate's own compliant statutory finding in the warrant itself or in sealed companion order, then the Court could properly engage in a determination of "clerical error" but not on these facts or this warrant.

The Government then argues, even if the warrant failed to comply with § 3103a, the evidence should not be suppressed because the search falls within the good faith exception to the exclusionary rule enunciated in *United States v. Leon*, 468 U.S. 897 (1984). The Court finds the *Leon* good faith exception inapplicable. In *Leon*, the Supreme Court explained,

> It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause, and if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.

*Id*. at 920. The Supreme Court reached the conclusion that evidence should not be excluded simply because an executed search warrant was later found to lack probable cause in part because exclusion would not have a deterrent effect on improper law enforcement behavior. *Id.* Yet, the Supreme Court also highlighted its "discussion of the deterrent effect of excluding evidence obtained in reasonable reliance on a

ORDER * 8

subsequently invalided warrant assumes, of course, that the officers properly executed the warrant and searched only those places and for those objects that it was reasonable to believe were covered by the warrant." *Id.* at 918 n.19. Accordingly, the key question here is whether the officers, when in good faith relying on the form of the warrant, could reasonably believe the warrant was a § 3103a(b) warrant authorizing a "sneak and seize" search.

Based on the warrant's inconsistencies, *i.e.* "SEAL" stamp, allowance of night time search, requirement of notice at time of search, and lack of 18 U.S.C. § 3103a(b) language, the Court finds the officers executing the warrant could not in good faith believe the warrant allowed delayed notice. When a search warrant, desired by law enforcement to be a delayed notice warrant pursuant to § 3103a, calls for notice upon execution of the search, the Court finds law enforcement cannot blindly assume notice at the time of the search is not called for; rather, a reasonable law enforcement officer would seek an amended search warrant, if the issuing court finds a § 3103a warrant is in fact appropriate. Given the in-depth investigation of the alleged Rivera drug trafficking organization and law enforcement's interest in keeping such secret, the Court finds the officers more than likely would not have conducted the search if instantaneous notice was required. *See United States v. Johns*, 851 F.3d 1131, 1135 n.5 (9th Cir. 1988) Therefore, the Court finds exclusion is an appropriate sanction given that a reasonable officer would have questioned whether the court had issued a § 3103a warrant. *See Leon*, 468 U.S. 906-07.

ORDER * 9

Even if the officers in good faith believed the warrant was a § 3103a warrant allowing for delayed notice, the Court finds the *Leon* good faith exception does not apply. The Supreme Court listed four circumstances in which the good faith exception will not apply: (1) when the magistrate was mislead by information in the affidavit the affiant knew or should have known was false, (2) when the magistrate wholly abandoned his judicial role, (3) when the affidavit so lacked indicia of probable causes to render official belief in its existence entirely unreasonable, and (4) when the warrant is so facially deficient, *i.e.* in failing to particularize the place to be searched or the things to be seized, the executing officers cannot reasonable presume it to be valid. *Id.* at 923; *United States v. Johns*, 948 F.2d 599, 604-05 (9th Cir. 1991). The first three listed exceptions do not apply here; however, the fourth does. The warrant's inconsistencies discussed above, *i.e.* "SEAL" stamp, allowance of night time search, requirement of notice at time of search, and lack of 18 U.S.C. § 3103a(b) language, causes the warrant to be facially deficient for purposes of § 3103a.

Furthermore, the Court finds exclusion is required to help deter conduct engaged in by the officers conducting this search. The officers left a California license plate in order to divert any suspicion from law enforcement and toward other individuals. The Court finds such conduct has the dangerous potential of injuring innocent third persons. When an individual discovers that others have been on their property uninvited, there exists a natural desire to learn who the intruder was given that "[t]he mere thought of strangers walking through and visually examining the center of our privacy interest, our home, arouses our passion for

ORDER * 10

freedom." *Frietas*, 800 F.2d at 1456.  And when property is seized, as it was in this case, it creates the potential for innocent people being injured because the owners of the property may incorrectly blame and sanction in some way a person innocent of the seizure.  The transcripts of recorded telephone conversations demonstrate that the Riveras had focused on the brother of Ms. Espinoza exposing him to danger of injury, reinforcing the necessity for strict compliance with the statute and with the procedures this Court now requires. Exclusion is the proper remedy to deter this conduct. Compliance with the procedures the Court has imposed insures compliance with the Fourth Amendment and with the Patriot Act.

Accordingly, **IT IS HEREBY ORDERED**:  Government's Motion to Reconsider Suppression of Evidence **(Ct. Rec. 723)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this 23rd day of December, 2005.


                     S/Edward F. Shea

                       EDWARD F. SHEA
                 United States District Judge


Q:\Criminal\2005\2075.7.espinoza.reconsid.final.wpd

ORDER * 11